UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 19-35** |
| **JOSH TAPP** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Josh Tapp's Motion to Dismiss Indictment pursuant to the Speedy Trial Act (Doc. 279). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant Josh Tapp was arrested on February 26, 2019 pursuant to a multi-defendant indictment for conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture of heroin and 280 grams or more of a mixture of cocaine base. He has been incarcerated since that time. On October 17, 2019, the indictment was superseded to add two firearm charges against Tapp.

1

Trial in this matter was initially set for April 8, 2019. The trial was then continued and reset four times, with no objection from any of the nine defendants, to allow the parties additional time to engage in negotiations. The trial was set on May 18, 2020 when the Eastern District of Louisiana issued its first of several general orders in response to the outbreak of COVID-19. In an effort to slow the spread of COVID-19, the Court suspended all jury trials through May 1, 2020, then through August 1, 2020, and then through January 1, 2021.[1] Trial in this matter is currently set for January 11, 2021. Tapp complains that his incarceration, which now exceeds 19 months, violates his rights under the Speedy Trial Act and the Sixth Amendment. Tapp moves for dismissal of the indictment against him, or in the alternative, for release from pre-trial incarceration. The Government opposes both requests.

## **LEGAL STANDARD**

"Congress passed the Speedy Trial Act of 1974 to give effect to the sixth amendment right."[2] The Speedy Trial Act requires that criminal defendants be brought to trial within a specified period of time, with certain specified exceptions that warrant a delay.[3] The district court may continue a trial, and exclude the period of the continuance from Speedy Trial Act calculations based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[4] If a defendant

---

[1] General Orders 20-2, 20-6, and 20-10.
[2] Betterman v. Montana, 136 S. Ct. 1609, 1616 (2016) (internal quotations and citations omitted).
[3] 18 U.S.C. § 3161(c)(1), (h).
[4] 18 U.S.C. § 3161(h)(7)(A).

2

is not brought to trial within the time limit required under the Speedy Trial Act, after taking into consideration any of the statutory exceptions that permit a delay, the "indictment shall be dismissed on motion of the defendant."[5] The defendant has the burden of proof.

## LAW AND ANALYSIS

The Supreme Court has identified four factors to consider in determining if a defendant has been deprived of his right to a speedy trial: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."[6] Defendant argues that he has already been incarcerated for more than 19 months and that the Government is to blame for the delay. He cites to cases holding that unintentional delays caused by negligence, overcrowded courts, or understaffed prosecutors' offices have been held against the Government.[7] He argues that here too the unintentional delay caused by the COVID-19 pandemic should be charged against the Government.

The Government, in response, cites to cases in which courts have found that natural disasters or public emergencies were appropriate reasons to exclude time under the Speedy Trial Act.[8] It also cites to several district court

---

[5] 18 U.S.C. § 3162(a)(2).

[6] Barker v. Wingo, 407 U.S. 514, 530 (1972).

[7] *See* Strunk v. United States, 412 U.S. 434, 436 (1973) (holding that "the ultimate responsibility" for "[u]nintentional delays caused by overcrowded court dockets or understaffed prosecutors" must "rest with the government rather than with the defendant").

[8] *See* Furlow v. United States, 644 F.2d 764, 768 (9th Cir. 1981) (finding no violation of the Speedy Trial Act in excluding delay caused by volcanic eruption); United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) ("[T]here is simply no question that the exclusion of time from September 11 to the present is justified in the interests of justice. The administration of justice in this District ground to a temporary halt as a result of acts of warfare against the United States that created a public emergency. The larger interests of

cases addressing the COVID-19 pandemic and holding that speedy trial rights were not violated by pandemic-related delays.[9] Indeed, one court noted that "[a]lmost every court faced with the question of whether general COVID-19 considerations justify an ends-of-justice continuance and exclusion of time has arrived at the same answer: yes."[10] This Court agrees with those holdings. In deciding to postpone jury trials, this district cited social distancing guidelines espoused by the Centers for Disease Control, as well as concern for the health of the public and court staff. "[T]he safety of witnesses, court personnel, jurors and the parties in the midst of a global pandemic" justified the continuance of jury trials.[11] Further, Tapp has not objected to any continuance and has not shown how he is prejudiced by the delay because, since November 25, 2019, he has also been detained for violation of supervised release in another matter.[12] Tapp's Motion to Dismiss the Indictment is therefore denied.

Alternatively, Tapp seeks to be released from pre-trial detention. The Government argues that this request should be denied because Tapp is also incarcerated in connection with a pending rule to revoke supervised release in another matter before another division of this Court.[13] In that case, Tapp was remanded for several violations of his supervised release, and the magistrate

---

justice in the District—not to mention supervening necessity—surely required suspending proceedings in this case.").

[9] *See* United States v. Reese, No. 19-CR-0149, 2020 WL 5097041, at *2 (D. Minn. Aug. 28, 2020) (and cases cited therein).

[10] United States v. Smith, 460 F. Supp. 3d 981, 984 (E.D. Cal. 2020).

[11] United States v. Pond, No. CR. 18-50106-JLV, 2020 WL 3446677, at *1 (D.S.D. June 24, 2020).

[12] *See* United States v. Briggs, No. 20-410, 2020 WL 3892979, at *3 (E.D. Pa. July 9, 2020).

[13] *See* No. 12-cr-201.

4

judge found that he "failed to establish by clear and convincing evidence that he will not flee or pose a danger to the community."[14] A final hearing on the rule to revoke is set for November 12, 2020.[15] This Court agrees that these circumstances make release inappropriate at this time.

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 4th day of November, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Id.* at Doc. 469.
[15] *Id.* at Doc. 484.