**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                            **NO: 19-35**

**JOSH TAPP**                                                    **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendant Josh Tapp's Motion for Compassionate Release (Doc. 707). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On July 21, 2022, this Court sentenced Defendant Josh Tapp to 130 months' imprisonment after he pleaded guilty to distributing heroin and possessing a firearm in furtherance of a drug trafficking crime.[1] Thereafter, the Court reduced his sentence to 117 months pursuant to the retroactive amendment to Sentencing Guideline § 4A1.1. Defendant had previously been convicted of conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin in *United States v. Josh Tapp*, No. 12-201 (E.D.

---

[1] Defendant was sentenced to 70 months as to Count 1 and 60 months as to Count 2 to run consecutively.

1

La. 2012) (Brown, J.) ("12-201"). He was serving supervised release for that crime when he was arrested on the instant offense. The Government filed a Rule to Revoke Supervised Release in 12-201 in light of Defendant's conviction here and other violations. This Court ordered Defendant's sentence to run concurrent to any sentence imposed in 12-201. However, Defendant was subsequently sentenced in 12-201 for violations of supervised release to a term of 30 months to run consecutive to the 117-month term imposed by this Court. Defendant now moves for compassionate release, citing a conflict in the two sentences and an unjust and excessive sentence. The Government opposes.

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[2] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with

---

[2] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

applicable policy statements issued by the Sentencing Commission[.]

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. On November 1, 2023, the Sentencing Commission issued an amended policy statement that sets forth circumstances that are considered "extraordinary and compelling."[3] These include the defendant's health, age, family circumstances, whether the defendant was a victim of abuse while incarcerated, and "other reasons."[4] "Other reasons" are defined as those that are "similar in gravity" to the reasons described in the policy statement.[5] The defendant has the burden of proving he is entitled to compassionate release.[6]

## LAW AND ANALYSIS

Defendant shows that he has satisfied the administrative exhaustion requirements of § 3582(c)(1)(A), and this Court will therefore consider his request on its merits. As best this Court can discern, Defendant sets forth three arguments for compassionate release: (1) that his sentence is the result of conflicting rulings that cannot be reconciled; (2) that the consecutive sentence

---

[3] U.S.S.G. § 1B1.13 (amended Nov. 1, 2023).

[4] *Id.; see* Rutherford v. United States, No. 24–820, 608 U.S. ----, 2026 WL 1485535, at *2 (U.S. May 28, 2026) (invalidating U.S.S.G. § 1B1.13(b)(6) and holding that a nonretroactive change to a sentencing law cannot be an "extraordinary and compelling reason").

[5] U.S.S.G. § 1B1.13.

[6] United States v. Bolton, 732 F. Supp. 3d 546, 549 (E.D. La. 2024), *aff'd*, No. 24-30574, 2025 WL 1219192 (5th Cir. Apr. 28, 2025).

resulted in a significantly longer sentence than this Court had determined was necessary to satisfy the goals of sentencing; and (3) that he is serving a sentence that is longer than would be imposed today. This Court will consider each argument in turn.

Defendant's first argument seems to challenge the legality of his sentence. Defendant suggests that the inconsistency between the first and second sentencing judges cannot be reconciled and creates a "structure sentencing defect."[7] This argument appears to challenge "the fact or duration of a prisoner's confinement under Chapter 153."[8] "In Chapter 153 of Title 28, Congress provided specific avenues for post-conviction relief that permit prisoners to challenge the legality of their confinement in federal court," such as 28 U.S.C. §§ 2241, 2244, 2254, and 2255.[9] "The Supreme Court has repeatedly held that by codifying these specific provisions, Congress required prisoners to bring their legality-of-custody challenges under Chapter 153 and prohibited prisoners from bringing such claims under other, more-general statutes."[10] Accordingly, the Fifth Circuit has expressly ruled that "a prisoner cannot use § 3582(c) to challenge the legality or duration of his sentence; such arguments can, and hence *must*, be raised under Chapter 153."[11] Because Defendant's claim regarding the legality of the conflicting sentences would have been cognizable under § 2255, it may not be raised in a request for compassionate release. Accordingly, this argument fails here.

---

[7] Doc. 707.

[8] United States v. Escajeda, 58 F.4th 184, 187 (5th Cir. 2023).

[9] *Id.* at 186–87.

[10] *Id.* at 187.

[11] *Id.*

Second, Defendant argues that his sentence is significantly longer than this Court had deemed sufficient to satisfy the purposes of sentencing. Defendant complains that the addition of 30 consecutive months to the sentence imposed by this Court extended his incarceration past what this Court deemed sufficient to satisfy the purpose of punishment for his crimes. But this Court's sentence did not consider all of the violations of supervised release presented to the court in 12-201. In addition to the crimes at issue here, Defendant was charged in 12-201 with violating supervised release in the following ways:

- Failing to provide United States Probation with the address of his actual residence;
- Testing positive for Tramadol on December 10, 2018;
- Failing to complete the HiSet program;
- Failing to provide notification of new employment and failing to maintain fulltime employment; and
- Living with a person he knew was a convicted felon.[12]

Defendant did not contest any of these allegations.[13] The sentencing court therefore considered these violations in addition to the crimes committed in this matter in determining Defendant's sentence for violating supervised release.[14] Further, the sentencing court noted that Section 7B1.3(f) of the Sentencing Guidelines provides that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is

---

[12] No. 12-201, Doc. 482.

[13] No. 12-201, Doc. 564.

[14] *Id.* at 7.

serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." Because a consecutive sentence is recommended by the Sentencing Guidelines, there is hardly anything extraordinary about the sentences that Defendant received.[15]

Finally, Defendant argues that the irregularity between the sentences has resulted in a longer sentence than he would have received if he were sentenced today. Defendant does not cite to any intervening change in the law that would have resulted in a different guideline range if he were sentenced today.[16] Rather, Defendant seems to compare his current sentence to what he would have received if the two sentences were run concurrently, or perhaps, what he would have received if this Court had imposed its sentence second. Defendant does not present any law supporting a finding that this comparison creates an extraordinary and compelling reason for compassionate release. Because this sort of discrepancy is not enumerated as an "extraordinary and compelling" reason in the Sentencing Guidelines, it must fit into the "other reasons" category, which requires a reason to be "similar in gravity" to the reasons listed in § 1B1.13(a)(1)–(4). This Court finds that it is not. "While the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration. Their meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and

---

[15] "The term 'extraordinary' means 'most unusual,' 'far from common,' or 'having little or no precedent.'" *Rutherford*, 2026 WL 1485535, at *7.

[16] Even assuming Defendant could show a change in the law, the sentencing guidelines require more to warrant compassionate release. U.S.S.G. § 1B1.13(c) ("A change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.").

convincing to 'warrant' compassionate release."[17] There is nothing extraordinary about a second sentencing judge choosing to run a sentence consecutively, even if a different judge may have made a different choice. Accordingly, Defendant has not shown an extraordinary and compelling reason for compassionate release.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 16th day of June, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Rutherford*, 2026 WL 1485535, at *8.